922 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Guy MORGAN, Diskin Gilford Morgan, Jr., Clayton Wayne
McKinnon, d/b/a Red Arrow South-east, Plaintiffs-Appellees,
v.
Clifton HAWKINS, Individually, Defendant-Appellant,
and
Global Equipment, Incorporated, Defendant.
 No. 90-2329.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Dec. 19, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CA-89-974-6-3)
 Randall Scott Hiller, Greenville, S.C., for appellant.
 John Palmer Britton, Rainey, Pritton, Gibbes & Clarkson, P.A., Greenville, S.C. (Argued), for appellees; on brief: W. Wallace Culp, III, Rainey, Britton, Gibbes & Clarkson, P.A., Greenville, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This is a suit by the plaintiff Morgan and his corporate alter ego Red Arrow South-East (hereafter Morgan) (1) to recover of the defendant Global Equipment Co. (hereafter Global), under a buy-back provision in a contract of sale-distribution executed between Morgan and Global, and (2) to recover of the defendant Clifton Hawkins (hereafter Hawkins), under a guaranty executed by Hawkins to assure performance by Global of its buy-back obligation under the contract of sale. Global defaulted. Hawkins, however, answered and asserted a number of defenses. While he raised a number of issues in his brief, Hawkins confined his appeal on oral argument to the issue whether his guaranty began with the oral agreement on the terms of the contract between the parties on November 12, 1987, or with the later delivery of the guaranty agreement on December 15 or 16, 1987. The jury found that the guaranty covered sales from the date of the oral agreement of the parties on the contract subject to approval of such terms by Morgan's lawyer and bank and the formal signing of a written contract. Judgment was duly entered in accordance with the jury verdict. Hawkins appeals the judgment. We affirm.
 
 
 2
 The contract which provides the basis for this suit was a contract between Morgan and Global, whereby Morgan was given an exclusive right to sell certain anti-jackknife devices initially in the State of Florida, later extended to the State of Georgia. The contract was the result of negotiations which began in early November 1987. As of November 12, 1987, the parties had agreed rather substantially on the terms of the contract, subject to approval of the contract by Morgan's lawyer and his banker. The reason for conditioning the contract on the approval of the bank was that Morgan depended on the bank for financing his obligation under the contract. By the contract, Morgan was obligated to accept and pay for 160 devices for sale in Florida and 80 devices in Georgia. In return, Global agreed to buy back from Morgan, twelve months after purchase, any devices not sold by Morgan and still in inventory. To induce Morgan to enter into the contract and to satisfy his banker to finance the deal, Hawkins, an officer and large stockholder in Global, agreed to guarantee personally the buy-back provisions of the contract. On November 12, 1987, when the terms of the contract were worked out, subject, as we have said, to the approval of Morgan's lawyer and banker, Global demanded a "good faith" payment of $17,600 by Morgan. That payment was to be repaid to Morgan when the final contract was later executed between the parties. Without the prior knowledge of Morgan, Global, on November 25, 1987, shipped 160 devices to him and threatened that if Morgan did not accept them, he would not receive any devices for an indefinite time. Finally, on December 15 or 16, Hawkins furnished Morgan his (Hawkins') signed guaranty backed with his financial statement. Morgan had obtained from his banker approval of Hawkins' financial responsibility as shown by his financial statement.
 
 
 3
 Hawkins' guaranty agreement was set forth in a letter of Hawkins addressed to the plaintiffs dated December 15, 1987, which provided that he "personally guarantee[d] the buy-back agreement ... dated November 12, 1987." Twelve months after the purchases were made, Morgan had sold only five devices in both Georgia and Florida. It accordingly sued Global and Hawkins under the buy-back provision of the contract for all the devices remaining in inventory. After a trial, a jury verdict was returned in favor of Morgan under the guaranty for all sales made after November 12, 1987. There were a number of defenses asserted by Hawkins (Global had defaulted). The only one argued on appeal related to the beginning date of the guaranty. Morgan contended that it was the understanding and intent of the parties that the buy-back provision covered all sales by Global to Morgan of the jackknife devices after November 12. And, it relies on the fact that the guaranty itself uses November 12 as the date for the commencement of Hawkins' guaranty obligation. The letter incorporating the guaranty, however, was actually dated and given to Morgan on December 15, 1987. Obviously, there was ambiguity in the beginning date of the guaranty obligation caused by the differences as to the beginning date of the guaranty, i.e., whether, as stated, November 12 in the body of the guaranty letter or December 15 or 16 when the letter was actually signed. It was the contention of Morgan that the guaranty was intended to run from November 12, when the terms of the contract were agreed upon (subject to approval of Morgan's lawyer and banker), and that the letter of guaranty, even though in the form of a letter dated December 15 or 16, was intended to cover all purchases of the device in question on and after November 12. That this was correct is demonstrated by the fact that in the body of the guaranty itself, the date November 12 was used as the beginning date for Hawkins' obligation. Hawkins, on the other hand, relied on the date of the letter incorporating the guaranty. The resolution of this conflict between the parties on the meaning of the guaranty agreement as to its beginning date was properly submitted to the jury for resolution. The jury found in favor of Morgan and awarded him judgment against the defendants in the sum of $259,000. It is that judgment which is the subject of this appeal.
 
 
 4
 The ambiguity in the beginning date of the guaranty was properly submitted to the jury for resolution under proper instructions. The jury resolved that issue in favor of Morgan. Such resolution was amply supported in the testimony, and the jury instructions on the issue were appropriate. The judgment below, as well as the default judgment against Global, is accordingly affirmed.
 
 
 5
 AFFIRMED.